UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JULIUS JAMES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 11-CV-3389 |
| | ) | |
| SALVADOR A. GODINEZ, et al., | ) | |
| | ) | |
| Defendants, | ) | |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se and currently incarcerated in Pontiac Correctional Center, pursues claims arising from the prison's refusal to pay him $10 per month, like other similarly situated inmates are allegedly paid. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.

LEGAL STANDARD

The Court is required by § 1915A to review a Complaint filed by a

1

prisoner against a governmental entity or officer and, through such process, to identify cognizable claims, dismissing any claim that is "frivolous, malicious, or fails to state a claim upon which relief may be granted." A hearing is held if necessary to assist the Court in this review, but, in this case, the Court concludes that no hearing is necessary. The Complaint and its attachments are clear enough on their own for this Court to perform its merit review of Plaintiff's Complaint.

The review standard under § 1915A is the same as the notice pleading standard under Federal Rule of Civil Procedure 12(b)(6). Zimmerman v. Tribble, 226 F.3d 568, 571 (7th Cir. 2000). To state a claim, the allegations must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Factual allegations must give enough detail to give "'fair notice of what the . . . claim is and the grounds upon which it rests.'" EEOC v. Concentra Health Serv., Inc., 496 F.3d 773, 776 (7th Cir. 2007), *quoting* Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)(add'l citation omitted). The factual "allegations must plausibly suggest that the

plaintiff has a right to relief, raising that possibility above a 'speculative level.'" Id., *quoting* Bell Atlantic, 550 U.S. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged . . . . Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009), *citing* Bell Atlantic, 550 U.S. at 555-56. However, *pro se* pleadings are liberally construed when applying this standard. Bridges v. Gilbert, 557 F.3d 541, 546 (7th Cir. 2009).

## ALLEGATIONS

Plaintiff's allegations are taken from his Amended Complaint. (d/e 8). Plaintiff is an "unassigned" inmate in segregation. The Court presumes that "unassigned" means not assigned to a job. Plaintiff believes that his equal protection rights are being violated because the unassigned inmates in the general population receive monthly state

3

payments, while Plaintiff does not.[1]

## ANALYSIS

Plaintiff has no constitutional right to a job or to wages. Vanskike v. Peters, 974 F.2d 806, 809 (7th Cir. 1992)(prisoner has no constitutional right to a job in prison, nor a constitutional right to compensation for work performed); Wallace v. Robinson, 940 F.2d 243, 248 (7th Cir. 1991)(prisoner has no constitutional right to particular job assignment); Garza v. Miller, 688 F.2d 480, 485 (7th Cir. 1982)(inmate has no constitutional interest in educational or job opportunities).

However, that principle does not necessarily preclude an equal protection claim. "In the prison context, the Equal Protection Clause of the Fourteenth Amendment requires inmates to be treated equally, unless unequal treatment bears a rational relation to a legitimate penal interest." May v. Sheahan, 226 F.3d 876, 882 (7th Cir. 2000)(citations omitted)(claim stated on allegations that detainees in hospital were treated differently than detainees in jail); Williams v. Lane, 851 F.2d 867

---

[1] 730 ILCS 5/3-12-5 permits the IDOC to pay wages to inmates performing work assignments or "participat[ing] in other programs of the Department."

(7th Cir. 1988)(affirming district court's ruling that disparate treatment between general population and protective custody inmates violated equal protection). Plaintiff implicitly contends that, with regard to state pay, no legitimate penological reason exists to treat him differently from unassigned inmates in general population. That is enough at this point to state an equal protection claim.

IT IS THEREFORE ORDERED:

    1) The merit review scheduled for May 21, 2012 is cancelled. The clerk is directed to notify Plaintiff's prison of the cancellation.

    2) Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states an equal protection claim based on unassigned inmates in general population receiving state pay while unassigned inmates in segregation do not. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

    3) The Clerk is directed to send to each Defendant pursuant to this

District's internal procedures: 1) a Notice of Lawsuit and Request for Waiver of Service; 2) a Waiver of Service; 3) a copy of the Complaint; and, 4) this order.

4) If a Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to effect formal service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

5) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effecting service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

6) Defendants shall file an <u>answer</u> within the time prescribed by Local Rule. A motion to dismiss is not an answer. The answer should

include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.

7) Plaintiff shall serve upon any Defendant who has been served but who is not represented by counsel a copy of every filing submitted by Plaintiff for consideration by the Court, and shall also file a certificate of service stating the date on which the copy was mailed.  Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service will be stricken by the Court.

8) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel.  Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel.  The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3.  If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

9) This cause is set for further scheduling procedures under Fed. R. Civ. P. 16 on July 9, 2012 at 1:30 p.m. (or as soon as the Court can reach the case) before U. S. District Judge Sue E. Myerscough. Plaintiff shall appear by video conference. Defense counsel shall appear in person. The Clerk is directed to give Plaintiff's place of confinement notice of the date and time of the conference, and to issue the appropriate process to secure the Plaintiff's presence at the conference.

10) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the depositions.

11) Plaintiff shall immediately notify the Court of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

12) The Clerk is to notify the parties of their option to consent to disposition of this case before a United States Magistrate Judge by providing Plaintiff with a magistrate consent form. Upon receipt of a

signed consent from Plaintiff, the Clerk shall forward the consent to Defendants for consideration.

ENTERED: April 27, 2012

FOR THE COURT:

                                           <u>s/Sue E. Myerscough</u>
                                             SUE E. MYERSCOUGH
                                      UNITED STATES DISTRICT JUDGE