IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JULIUS JAMES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 11-CV-3389 |
| | ) | |
| SALVADOR GODINEZ, et al., | ) | |
| | ) | |
| | ) | |
| Defendant, | ) | |

**OPINION GRANTING SUMMARY JUDGMENT**

SUE E. MYERSCOUGH, U.S. District Judge.

Plaintiff, incarcerated and proceeding pro se, claims a violation of his right to equal protection arising from the differential treatment of "unassigned" inmates housed in general population as compared to unassigned inmates housed in segregation. "Unassigned" inmates are inmates who have not been assigned work.

Unassigned inmates housed in the general population receive $10 in State pay monthly.  In contrast, unassigned inmates housed in segregation receive no state pay.  Plaintiff, an unassigned inmate,

challenges Defendants' refusal to pay him during his stints in segregation over the years.

"In the prison context, the Equal Protection Clause of the Fourteenth Amendment requires inmates to be treated equally, unless unequal treatment bears a rational relation to a legitimate penal interest." May v. Sheahan, 226 F.3d 876, 882 (7th Cir. 2000). The record shows that Plaintiff's placement in segregation over the years has been for disciplinary infractions. (Pl.'s Disciplinary Card detailing Plaintiff's prison disciplinary record, d/e 49, pp. 10-15; d/e 49-1, pp. 1-11.) Therefore, Plaintiff is not similarly situated to unassigned inmates in general population. Unassigned inmates in general population are not being punished for disciplinary infractions. Further, Plaintiff's disciplinary infractions supply the legitimate reason for terminating Plaintiff's monthly pay. The Court agrees with Defendants that "[t]ermination of state pay to inmates in segregation serves the legitimate penal interest of deterring inmates from engaging in prohibited behavior." (Defs.' Memo., d/e 46, p. 5.) Rewarding inmates in disciplinary segregation with state pay would decrease the incentive of all inmates to follow the rules. Defendants' policy does not violate Plaintiff's equal protection rights

because the policy is rationally related to a legitimate penal interest

encouraging rule compliance.

Plaintiff contends that the termination of his pay is not

permitted by the Illinois Administrative Directive cited by

Defendants, which provides:

> 2.  An inmate absent from his assignment due to non-documented illness, family visits, furlough, release on writ (including temporary transfers to writ facilities), or segregation placement will receive no monetary compensation for the time of his absence.

Ill. Admin. Dir. Section 05.03.103A(II)(G)(2)(d/e 46-1, p. 21).

Plaintiff argues that this Directive applies only to assigned inmates,

not to unassigned inmates.  Under Plaintiff's interpretation,

assigned inmates housed in segregation would receive no pay while

unassigned inmates housed in segregation would still receive pay.

Plaintiff's interpretation of this directive is strained and

illogical.  The Court does not read this directive as requiring state

pay for unassigned inmates in disciplinary segregation.  The

interpretation of this directive is also irrelevant because even if the

directive required Plaintiff to be paid in segregation, the violation of

a state directive does not violate the U.S. Constitution.  "The

Constitution does not require states to ensure that their laws are

implemented correctly." <u>Simmons v. Gillespie</u>, 712 F.3d 1041, 1044 (7th Cir. 2013).

Plaintiff argues that the written punishment he received did not mention the loss of state pay as part of his punishment. However, the Constitution does not require Defendants to spell out every privilege lost by Plaintiff because his misconduct.  Plaintiff has no constitutionally protected interest in receiving state pay, so he is not entitled to notice before that pay is terminated.  <u>Vanskike v. Peters</u>, 974 F.2d 806, 809 (7th Cir. 1992)(prisoner has no constitutional right to a job in prison, nor a constitutional right to compensation for work performed).

 IT IS THEREFORE ORDERED:

1. Defendants' motion for summary judgment is granted (d/e 45). The clerk of the court is directed to enter judgment in favor of Defendants and against Plaintiff.  All pending motions are denied as moot (d/e 50), and this case is terminated, with the parties to bear their own costs.  All deadlines and settings on the Court's calendar are vacated.

2.  If Plaintiff wishes to appeal this judgment, he must file a notice of appeal with this Court within 30 days of the entry of

judgment.  Fed. R. App. P. 4(a)(4).  A motion for leave to appeal in forma pauperis should identify the issues Plaintiff will present on appeal.  See Fed. R. App. P. 24(a)(1)(c).  If Plaintiff does choose to appeal, he will be liable for the $455.00 appellate filing fee regardless of the outcome of the appeal.

ENTER:     October 31, 2013

FOR THE COURT:

**s/Sue E. Myerscough**

SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE